```
                  UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF INDIANA
                        HAMMOND DIVISION

UNITED STATES OF AMERICA        )
                                )
          v.                    )    CRIMINAL NO. 2:06 CR 143
                                )
KEITH LAMONT GRIGGS             )
```

OPINION AND ORDER OF DETENTION

At the October 5, 2006 initial appearance, the government requested that the defendant, Keith Lamont Griggs, be held without bond. A detention hearing was conducted on October 10, 2006, and the court now makes the following findings of fact:

1. The defendant currently is charged in a two count indictment with violations of 21 U.S.C. §841(a)(1). If convicted, the defendant faces a maximum sentence of 20 years imprisonment on each count.

2. At the detention hearing, the government relied upon the allegations contained in the indictment and the prebond report. The defendant proffered evidence.

3. On July 11, 2006, the defendant allegedly possessed both crack and powder cocaine with the intent to distribute it.

4. The defendant was unemployed at the time of his arrest.

5. In the prebond report, the defendant admitted to using crack cocaine on a daily basis.

6. The defendant has an extensive criminal record:

    A. On December 14, 1995, the defendant was placed on probation after a battery conviction for domestic violence. On March 20, 1996, a warrant was issued when the defendant absconded from Proba-

       tion.  That warrant still is active in Wisconsin.

B.    On March 31, 2003, the defendant was arrested for theft and possession of cocaine.  On an unknown date, the defendant was convicted of possession of cocaine and was sentenced to time served.  On August 10, 2004, a warrant was issued.  That warrant remains active.

C.    On October 10, 2003, the defendant was arrested for auto theft and resisting law enforcement.  On July 12, 2004, a warrant was issued for the defendant's arrest.  That warrant remains active.

D.    On November 7, 2003, the defendant was arrested for theft and possession of cocaine.  There is another active warrant for the defendant based upon those charges.

E.    On June 20, 2006, the defendant was arrested for theft and possession of a handgun with no permit.  Those charges remain pending in Lake County, Indiana.  Although it is not indicated in the prebond report, the defendant proffered that he has made all court appearances.

The defendant has been arrested on two other occasions and has failed to appear in traffic court.

Under 18 U.S.C. §3142(e), a rebuttable presumption exists that a defendant is a danger to the community if he is charged with a narcotics offense where the penalty is at least ten years imprisonment.  In ***United States v. Anderson***, 72 F.3d 563 (7th Cir. 1995), Circuit Judge Daniel Manion stated in a concurring opinion:

> Illegal drugs such as cocaine, the product Anderson chose to sell, are dangerous, addictive, and destructive to the user.  Sellers viciously fight over customers and selling territory.  We have consistently held that

2

> guns are typical tools of this dangerous trade. In short, while "not all drug offenses are violent," the drug trade and culture are inherently violent. Users will rob and maim to obtain money for their next purchase. Street sellers and large quantity distributors alike inflict wanton violence upon competitors and traitors.

72 F.3d at 567

See also **United States v. Thompson**, 286 F.3d 950, 960 (7th Cir. 2002) (The Court of Appeals commented on the relationship between weapons and narcotics trafficking because "of the violent nature of the drug business"); **United States v. Johnson**, 170 F.3d 708, 719 (7th Cir. 1999) ("No one disputes that drugs are a scourge on society, especially on the lives of those who live in the midst of the dangerous drug culture"); **United States v. Stowe**, 100 F.3d 494, 499 (7th Cir. 1996) ("drug dealing is a crime infused with violence").

Griggs is charged with distributing crack cocaine. In **United States v. Lawrence**, 951 F.2d 751 (7th Cir. 1991), the Court of Appeals stated:

> Drug use is a cancer that threatens society, particularly in the form of increased criminal activity. The highly addictive nature of crack, its growing availability, and relative low cost all serve to increase the risks associated with its use.

951 F.2d at 755

See also **United States v. Thornton**, 197 F.3d 241, 246 (7th Cir. 1999) ("The drug of choice is invariably cocaine, often in its most addictive form as crack"); **United States v. Robinson**, 164 F.3d 1068, 1071 n.1 (7th Cir. 1999)(the Court of Appeals noted

3

that "the testimony at trial clearly established that [the defendant] distributed crack, not some less devastating species of cocaine"); *United States v. Booker*, 70 F.3d 488, 494 n.24 (7th Cir. 1995) ("more violence is associated with the distribution of crack than powder cocaine (often because the crack market attracts younger, presumably more crime-prone sellers.)") (internal quotation marks omitted); *United States v. Jones*, 54 F.3d 1285, 1294 (7th Cir. 1995) (expressing concern "about the heightened addictiveness and dangerousness of cocaine base as compared to ordinary cocaine").

The government has demonstrated by clear and convincing evidence that the defendant is a danger to the community and "that no condition or combination of conditions will reasonably assure . . . the safety of . . . the community . . . ." Section 3142(e) The defendant has at least one prior felony conviction for possession of cocaine.  The defendant also is on bond in state court for a charge which was filed prior to the controlled buys alleged in the indictment.  The defendant also has several outstanding warrants for failing to appear in court.

The defendant currently is unemployed and has admitted to using crack cocaine on a daily basis.  *See generally United States v. Raimondi*, 159 F.3d 1095, 1100 n.11 (7th Cir. 1998) (*quoting* the Policy Statement from Section 5H1.4 of the Sentencing Guideline which provides that "[s]ubstance abuse is highly correlated to an increased propensity to commit crime").  Under all of the circumstances, it is unlikely that the Probation

4

Department could effectively monitor the defendant if released on bond.

The government's motion for pretrial detention is **GRANTED**, and the defendant is **ORDERED HELD WITHOUT BOND**.  18 U.S.C. §3142(e)

Pursuant to 18 U.S.C. §3142(i), it is further **ORDERED** that:

- A. The defendant shall be committed to the custody of the Attorney General for confinement to a corrections facility separate, to the extent practicable, from persons who are confined after a conviction;

- B. The defendant shall be afforded reasonable opportunities for private consultation with his attorney; and

- C. The defendant shall be delivered to the custody of the United States Marshal when the appearance of each defendant for any court proceeding is required.

ENTERED this 16th day of October, 2006

s/ Andrew P. Rodovich
United States Magistrate Judge